UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 18-199 |
| JEFFERY B. MONTALBANO | SECTION: "E" |

### ORDER AND REASONS

Before the Court is Defendant Jeffery Montalbano's Motion for Early Termination of Probation.[1] The Government opposed this motion.[2] For the following reasons, the motion is **DENIED**.

### BACKGROUND

On November 1, 2018, Defendant entered his plea of guilty to a Bill of Information charging him with one count of "False Statements or Representations Made to a Department or Agency of the United States" in violation of 18 U.S.C. § 1001(a)(2).[3] On June 11, 2019, Defendant was sentenced to a three-year term of probation with standard and special conditions.[4] This sentence constituted a downward variance from the applicable Guideline range.[5] Defendant continues to be gainfully employed and continues to be an active member of his community.[6] Defendant has no prior criminal history.[7] Defendant has served approximately fifteen months of his term of probation.[8]

---

[1] R. Doc. 46.
[2] R. Doc. 47.
[3] R. Doc. 15.
[4] R. Doc. 43.
[5] R. Doc. 44.
[6] R. Doc. 46-1 at 2.
[7] *Id.*
[8] R. Doc. 47 at 2.

1

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 32.1, entitled "Revoking or Modifying Probation or Supervised Release," provides that prior to modifying conditions of probation, the Court must hold a hearing, "at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation."[9] Under Rule 32.1 a hearing is not required when: "the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of probation. . .; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so."[10] Defendant waives his right to a hearing in this case.[11]

The Defendant cites 18 U.S.C. § 3563 in support of his motion, but as the Government points out the relevant statute is 18 U.S.C. § 3564(c) which provides:

> "The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

In this case, early termination of probation may be ordered only if the Court is satisfied the action is warranted by the conduct of the Defendant and in the interest of justice.[12]

In this case, the Government filed an opposition to Defendant's motion.[13] The Government points out, "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early

---

[9] F. R. Crim. P. 32.1(c)(1).
[10] *Id.* at (c)(2).
[11] R. Doc. 46-1 at 3.
[12] The Defendant has served one year of probation.
[13] R. Doc. 47.

2

termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior."[14] Proof of compliance with the terms of probation does not equate to "exceptionally good behavior."[15]

Defendant argues he has complied with his terms of probation to justify his request. He notes he is employed and is an active member of his community.[16] Defendant acknowledges this behavior is similar to the behavior that supported a downward departure in his sentencing.[17] However, Defendant has not presented any new circumstances that warrant a reduction in his sentence. Defendant was employed and an active member of his community prior to being indicted—his continuation of behavior does not constitute a change in circumstances or "exceptionally good behavior" and is insufficient to justify early termination.

Additionally, 18 U.S.C. § 3564(c) instructs that the court should consider the factors set forth in § 3553(a). The Government points out that Defendant made two false statements to FBI agents, which impeded an ongoing federal bribery investigation.[18] Further, Defendant has only served fifteen months of a three-year sentence.[19] Considering the seriousness of the offense and the length of time served, the 3553(a) factors weigh against granting Defendant's motion.

---

[14] *United States v. Reed*, 2020 WL 4530582 at *2 (E.D La. June 5, 2020) (quoting *United States v. Smith*, 2014 WL 68796 at *1 (S.D. Miss. Jan. 8, 2014)). *See also United States v. Hayes*, 2013 WL 5328874 at *1 (E.D. La. Sept. 20, 2013); *United States v. Jones*, 2013 WL 2417927 at *1 (S.D. Tex. June 4, 2013) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior.").
[15] *See United States v. Hartman*, 2013 WL 524257 at *2 (N.D. Tex. Jan. 18, 2013).
[16] R. Doc. 46-1 at 2.
[17] *Id.*
[18] R. Doc. 47 at 4.
[19] *Id.*

Because the Defendant has offered no changed or extraordinary circumstances to justify his request, Defendant's Motion for Early Termination of Probation[20] is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Early Termination of Probation is **DENIED**.

New Orleans, Louisiana, this 2nd day of December, 2020.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 46.